IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA B. GAUTIER FIGUEROA <br><br> Plaintiff <br><br> v. <br><br> BRISTOL MYERS SQUIBB PUERTO RICO, INC., et al. <br><br> Defendant | CIVIL No. 11-1155 (SEC) <br><br> ERISA |

**MOTION TO DISMISS FOR FAILURE TO
EXHAUST ADMINISTRATIVE REMEDIES**

TO THE HONORABLE COURT:

COMES NOW, Bristol Myers Squibb Puerto Rico, Inc. ("Bristol"), through its undersigned counsel, and respectfully requests the dismissal of the instant complaint for plaintiff's failure to exhaust administrative remedies. In support of its request Bristol respectfully presents and prays as follows:

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

1.  On May 5, 2010, Mrs. Rosa Sanabria Nazario ("Sanabria"), Bristol's Human Resources Director, sent a written communication to plaintiff, informing the termination of her employment at Bristol effective on May 19, 2010.  See Complaint, p. 2, ¶ 8; see also Attachment 1 of the Complaint.

2.  As part of the written notice of termination dated May 5, 2010, plaintiff was informed about her eligibility, subject to her signing of a General Release Agreement ("the Release Agreement"), to severance benefits under the Bristol Myers Squibb Puerto Rico, Inc. Severance Plan ("the Plan").  Specifically, plaintiff was informed that, in exchange for her signing of the Release Agreement, she would receive a total severance amount of $104,271.25, to be calculated as follows:

| "Basic severance" | $2,316.40 weekly x 2 weeks | = $4,632.80 |
|---|---|---|
| "Supplemental Severance" | $8,245.15 weekly x 23 weeks | = $189,638.45 |
| | | Total = $194,271.25 |

See Complaint, pp. 2-3, ¶¶ 8, 11-18; See also Attachments 1 and 2 of the Complaint.

3. On May 13, 2010, Plaintiff signed the Release Agreement. See Complaint, p. 4, ¶ 26; see also Attachment 3 of the Complaint.

4. Plaintiff received severance benefits from May 2010 through July 2010. See Complaint, p. 4, ¶ 30.

5. On July 14, 2010, Sanabria sent another communication to plaintiff indicating that her "supplemental severance" had been incorrectly calculated. Specifically, plaintiff was informed that the correct amount of her "supplemental severance" was not $189,630.45, but instead $68,102.31, and, consequently, that the correct severance payment was $72,735.12, calculated as follows:

| "Basic severance" | $2,316.40 weekly x 2 weeks | = $4,632.81 |
|---|---|---|
| "Supplemental Severance" | $2,960.97 weekly x 23 weeks | = $68,102.31 |
| | | Total = $72,735.12 |

Sanabria also provided a new General Release Agreement ("new Release Agreement") to plaintiff and notified her that the Company would temporarily suspend her severance payments until she signed and returned the new Release Agreement, which contained the correct "supplemental severance" payment under the Plan. If plaintiff signed and returned the new Release Agreement, the Company would make a lump sum payment of the suspended payments and continue plaintiff's severance adjusted to the correct amount. Plaintiff was also informed that if she did not sign and

return the new Release Agreement, the Company would not make any further severance payments. See Complaint pp. 4-5, ¶¶ 31-33; see also Attachment 4 of the Complaint.

6. On August 23, 2010, plaintiff, through counsel, sent a letter to Sanabria informing her refusal to accept the new Release Agreement, and requesting compliance with the original Release Agreement. See Complaint, p. 6, ¶ 47; see also Attachment 5 of the Complaint.

7. On September 7, 2010, the Plan Administrator, through counsel, informed plaintiff that her letter dated August 23, 2010 was being considered as her first level appeal under the Plan and requested plaintiff, pursuant to the Summary Plan Description (SPD), to submit any additional comments, evidence or arguments in support of her appeal on or before November 24, 2010. Plaintiff was also informed that if she failed to provide the additional information requested by said date, her appeal would be deemed as perfected and decided on the basis of her August 23, 2010 communication. Copies of the Severance Plan and Summary Plan Description (SPD) were provided to plaintiff through this letter. See Exhibit A.

8. On October 1, 2010, plaintiff, through counsel, replied to the Plan indicating, essentially, that her claim was not an appeal, but a breach of contract claim under the laws of Puerto Rico against Bristol Myers Squibb of Puerto Rico, and not a claim under ERISA nor under any plan. See Exhibit B.

9. On October 6, 2010, the Plan replied back to plaintiff indicating that the severance payments she had received were made under the Plan, which is regulated by ERISA and which preempts local law. Plaintiff was also informed that the administrative claim review had to be exhausted before any claim could be filed before any court. Thus, the Plan requested plaintiff to inform, within five (5) days, whether she would insist on not following the claim procedure under the Plan. See Exhibit C.

10. On November 23, 2010, the Plan sent another communication to plaintiff indicating that it had not received any response to its October 6, 2010 communication, and consequently, that it would deem plaintiff's letter dated August 23, 2010 as her first level appeal under the Plan. In addition, the Plan asked plaintiff once again to submit any additional information in support of her position on or before November 24, 2010. Finally, the Plan informed plaintiff that it would need until February 22, 2011 to render its decision. See Exhibit D.

11. On December 30, 2010, with her first level appeal still under consideration before the Plan Administrator, plaintiff filed a Complaint before Puerto Rico's Court of First Instance, San Juan Superior Court, entitled María B. Gautier Figueroa v. Bristol Myers Squibb Puerto Rico, Inc., et al, Civil Number KAC2010-1552 (803).[1] See Complaint.

12. On February 11, 2011, Bristol filed a Notice of Removal. In essence, Bristol argued that removal of the present action was proper inasmuch as plaintiff's cause of action constituted a claim for benefits under the Plan pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and as such, was completely preempted. Dkt. #1.

13. On March 10, 2011, plaintiff filed a motion to remand the case to the local state court. In essence, plaintiff argued that her claim was a breach of contract claim under the laws of Puerto Rico and not an ERISA claim. Dkt. #12.

---

[1] Plaintiffs' claims under ERISA may only be asserted against the Plan Administrator, in this case, Bristol-Myers Squibb Company Puerto Rico, Inc. Severance Plan ("the Severance Plan"). See Daniel v. Eaton Corporation, 839 F.2d 263, 266 (6th Cir. 1988) ( "unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits.")(citing Boyer v. J.A. Majors Company Employees' Profit Sharing Plan, 481 F. Supp. 454, 457-58 (N.D. Ga. 1979)); Terry v. Bayer Corporation, 145 F.3d 28, 36 (1st Cir. 1998); Hall v. Llaco, Inc., 140 F.3d 1190, 1194-95 (8th Cir. 1998); Mitchell v. Eastman Kodak Co., 113 F. 3d. at 433 (3d Cir. 1997); Aponte Miranda v. Sensormatic Electronics Corp., Civil No. 04-1010, 2006 WL468695 (D. Puerto Rico, February 27, 2006) (The proper party defendant in an ERISA claim relating to determination of benefits is the party that controls the administration of the plan).Accordingly, the proper party defendant to this claim is the Severance Plan, not Bristol.

14.     On June 20, 2011, this Honorable Court denied plaintiff's motion to remand. Specifically, the Court acknowledged that the benefits requested by plaintiff arose under the Severance Plan and, consequently, that plaintiff's cause of action "f[ell] directly under §502(a)(1)(B) of ERISA." Finally, the Court held that ERISA's complete preemption doctrine applied and that removal to this Court was proper. Dkt. #22.

## II.  DISMISSAL UNDER FED.R.CIV.P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action based solely on the pleadings if the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In assessing a motion to dismiss, the Court must "accept as true the factual averments of the complaint and draw all reasonable inferences therefrom in the plaintiffs' favor." Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 62 (1st Cir.2004) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir.1998)); see also Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir.1993). Motions to dismiss for failure to exhaust administrative remedies in ERISA cases are reviewed under a 12(b)(6) failure to state a claim standard. Fernandez-Vargas v. Pfizer Pharmaceuticals, Inc., 394 F.Supp.2d 407, 411 (D.P.R.2005).

When ruling on a Rule 12(b)(6) motion to dismiss, a district court is generally limited to considering "facts and documents that are part of or incorporated into the complaint." Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir.2008). Exhibits attached to the complaint are properly considered part of the pleading "for all purposes," including Rule 12(b)(6). Fed.R.Civ.P. 10(c); Blackstone Realty LLC v. FDIC, 244 F.3d 193, 195 n. 1. (1st Cir. 2001). Additionally, the Court of Appeals for the First Circuit has noted that "[w]hen ... a complaint's factual allegations are expressly linked to-and admittedly dependent upon-a document (the

authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir.1998); see also Clorox Co. P.R. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir.2000) (holding that, in ruling on a Rule 12(b)(6) motion, a district court " 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint' ") (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir.1996))).

In Watterson v. Page, 987 F.2d 1 (1st Cir. 1993), the Court of Appeals for the First Circuit explained that the main problem of looking to documents outside the complaint - lack of notice to plaintiff - is dissipated "[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint". Id. at 3-4. To such effects the "courts have made narrow exceptions [to the rule which prohibits consideration of documents not attached to the complaint in a motion to dismiss under Rule 12(b)(6)] for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint. Id. at 3-4 (citing Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n. 3 (1st Cir.1991) (considering offering documents submitted by defendants with motion to dismiss claim of securities fraud). Moreover, in Fudge v. Penthouse Int'l, Ltd., 840 F.2d 1012 (1st Cir.), *cert. denied* 488 U.S. 821 (1988), the Court of Appeals for the First Circuit considered an allegedly libelous article submitted by defendants with a motion to dismiss. In so doing, it held as follows:

> Although "there is no requirement that the pleader attach a copy of the writing on which his action or defense is based[,] ... when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading."

Id. at 1015 (citing Wright & Miller, Federal Practice and Procedure § 1327 at 489 (1969)).

In this case, plaintiff included the following five (5) attachments to her Complaint:

1. Letter dated May 5, 2010 from Sanabria to plaintiff confirming plaintiff's termination of employment with Bristol and providing information about Severance Plan. See Attachment 1 of Complaint.

2. Severance Pay Worksheet sent to plaintiff together with letter dated May 5, 2010. See Attachment 2 of Complaint.

3. General Release Agreement sent to plaintiff together with letter dated May 5, 2010. See Attachment 3 of Complaint.

4. Letter dated July 14, 2010 from Sanabria to plaintiff informing error in calculation of plaintiff's severance payments, and submitting revised Severance Pay Worksheet and new Release Agreement. See Attachment 4 of Complaint.

5. Letter dated August 23, 2010, from plaintiff's counsel to Sanabria rejecting revised severance package. See Attachment 5 of Complaint.

See Dkt. 6. Nonetheless, plaintiff did not include as attachments to her Complaint the following communications exchanged between the parties after her letter dated August 23, 2010:

1. Letter dated September 7, 2010 from Plan to plaintiff, through its counsel, indicating that letter dated August 23, 2010 would be considered as a first level appeal under the Plan and informing plaintiff that she had until November 24, 2010 to submit additional information in support of her appeal (included copy of the Severance Plan and Summary Plan Description). See Exhibit A.

2. Letter dated October 1, 2010 from plaintiff to Plan, through her counsel, requesting payment and alleging plaintiff's claim was a contractual claim, not a claim under ERISA. See Exhibit B.

3. Letter dated October 6, 2010 from Plan to plaintiff, through its counsel, indicating that Plan issues were covered by ERISA, that administrative claims procedure must be followed and asking plaintiff whether she would or would not follow the claims procedure under the Plan. See Exhibit C.

4. Letter dated November 23, 2010 from Plan to plaintiff, through its counsel, indicating that Plan Admnistrator would consider the letter dated August 23, 2010 as the first level appeal under the Plan and informing that Plan would need until February 22, 2011 to render its decision on plaintiff's claim for benefits. See Exhibit D.

As this Honorable Court will note, the communications submitted herein as Exhibits A - D are part of the chain of events which eventually triggered the instant complaint. Those letters provide the complete spectrum of the communications between the parties prior to plaintiff's filing of the Complaint, and were available to plaintiff when she prepared her complaint. As such, the factual contentions of plaintiff's complaint "are expressly linked to" the letters submitted as Exhibits A - D, whose authenticity cannot be reasonably challenged. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir.1998). Therefore, although not attached to the Complaint, this Honorable Court may consider Exhibits A - D as part of the present motion to dismiss in order to "properly consider the relevant entirety of the documents integral to or explicitly relied upon in the complaint". Clorox Co. P.R. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir.2000). Moreover, the Court's consideration of Exhibits A - D entail no issue of lack of notice to plaintiff or authenticity of the documents. After all, said exhibits are the communications originated and exchanged between the parties prior to the filing of the Complaint. Consequently, Bristol respectfully submits that this Honorable Court may consider Exhibits A - D as part of the instant motion to dismiss under Rule 12(b)(6) of the Fed.R.Civ.P.

In the alternative, should this Honorable Court refuse to consider any of the exhibits submitted by Bristol as part of the instant motion to dismiss under Rule 12(b)(6), it is hereby requested that the Court deems this motion as a motion for summary judgment under Rule 56 of the Fed.R.Civ.P.

### III. PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Although plaintiff's Complaint is not framed specifically under ERISA, she is, essentially, seeking to recover benefits allegedly due to her under the terms of the Severance Plan. 29 U.S.C. 1132(a)(1)(B). Specifically, plaintiff asserts that her Severance Plan payments were illegally

suspended by Bristol. As discussed below, plaintiff cannot bring this cause of action, inasmuch as she failed to exhaust administrative remedies provided for under the Severance Plan.

It is well established that, "barring exceptional circumstances, plaintiffs seeking a determination pursuant to ERISA of rights under [covered] plans *must . . . exhaust available administrative remedies under their ERISA governed plans before they may bring suit in federal court*." Drinkwater v. Metro Life Ins., 846 F.2d 821, 826 (1st Cir. 1988) (emphasis ours). See also Medina v. Metropolitan Life Insurance Company, 588 F.3d 41 (1st Cir. 2009) ("[a] plaintiff who wishes to raise an ERISA claim in federal court must first exhaust all administrative remedies that the fiduciary provides"); Madera v. Marsh USA, Inc., 426 F.3d 56, 61 (1st Cir.2005); Terry v. Bayer Corp., 145 F.3d 28 (1st Cir. 1998); Behanger v. Healthsource of Maine, 66 F.Supp.2d 70, 73 (D. Me. 1999) (explaining that ERISA plan participants seeking to recover benefits, enforce rights, or clarify future rights under the terms of the plan must exhaust administrative remedies available under plan before bringing action under ERISA).

To this effect, while ERISA does not expressly require an affected party to exhaust administrative remedies before filing suit, the statute does mandate that all welfare and pension plans have appeal and claims procedures. The relevant section of the statute specifically states:

> In accordance with regulations of the Secretary [of Labor], every employee benefits plan shall:
>
> (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
>
> (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

In light of ERISA's requirements, courts have reasoned that the inclusion of such provisions demonstrates a Congressional intent that those procedures be used *before* resorting to the courts. The United States Court of Appeals for the First Circuit, together with almost every other Circuit Court, has followed that reasoning. See Terry, 145 F.3d at 40; Drinkwater, 846 F.2d at 825-26 (citing cases). To this end, "[w]hen an ERISA benefits plan clearly requires exhaustion, a claimant's failure to exhaust her administrative remedies *bars her from seeking relief in federal court. . . .*" Norris v. Citibank, N.A., 308 F.3d 880 (8th Cir. 2002). See also Layes v. Mead Corp., 132 F.3d 1246 (8th Cir. 1998); Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 566 (2d Cir. 1993); Berger v. Edgewater Steel Co., 911 F.2d 911 (3d Cir. 1990); Simmons v. Wilcox, 911 F.2d 1077 (5th Cir. 1990).

In this case, plaintiff was provided with a copy of the Company's Severance Plan and Summary Plan Description ("SPD"). See Exhibit A. The Plan and SPD contain detailed information as to a participant's right to file an appeal if denied severance benefits, within sixty (60) days of the denial (or deemed denial) of benefits. See Exhibit A, Severance Plan at. p. 13. Moreover, the Plan states, in pertinent part, under the "Legal Action" section, as follows:

> You may not bring a lawsuit to recover benefits under this Severance Plan until you have exhausted the internal administrative process described above. No legal action may be commenced at all unless commenced no later than one (1) year following the issuance of a final decision on the claim for benefits, or the expiration of the appeal decision period if no decision is issued. This one-year statute of limitations on suits for all benefits shall apply in any forum where you may initiate such a suit.

See Exhibit A, Severance Plan at p. 14.

Notwithstanding the foregoing, plaintiff failed to exhaust the Plan's internal review and appeal processes before filing the instant suit. Therefore, it is respectfully submitted that plaintiff is barred from seeking relief under ERISA before this Honorable Court, and that her claims under

ERISA should be dismissed for failure to exhaust administrative remedies, under Rule 12(b)(6) of the Federal Rules of Civil Procedure

WHEREFORE, Bristol respectfully requests this Honorable Court to grant this Motion to Dismiss, and consequently, dismiss with prejudice the instant Complaint.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 30th day of June, 2011.

WE HEREBY CERTIFY that on June 30th, 2011, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Parties may access this filing through the Court's system.

**SCHUSTER AGUILÓ LLP**
Attorneys for Defendant
PO Box 363128
San Juan, Puerto Rico 00936-3128
Telephone: (787) 765-4646
Telefax: (787) 765-4611


**/s/ Lourdes Hernández Venegas**
USDC-PR Bar No. 215507
lhernandez@salawpr.com


**/s/ Andrés C. Gorbea Del Valle**
USDC-PR Bar No. 226313
agorbea@salawpr.com

H:\ATTY\ACG\Bristol Myers\María Gautier Figueroa\motion to dismiss exhaustion.wpd